UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LOUIS ROBENSON,

        Petitioner,

v.                                                     Case No. 5:16-cv-271-Oc-39PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner Louis Robenson, an inmate of the Florida penal system, initiated this case by filing a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner challenges his 1995 state court (Lake County) convictions. Petitioner previously filed a habeas petition under § 2254 challenging the Lake County convictions he challenges here. See Case No. 5:07-cv-100-Oc-10GRJ. The Court dismissed Petitioner's first petition with prejudice because he did not file it within the one-year limitations period. See Order of Dismissal (Doc. 41), Case No. 5:07-cv-100-Oc-10GRJ.

Respondents move to dismiss the instant Petition as successive, certifying Petitioner did not obtain permission from the Eleventh Circuit Court of Appeals to file a successive habeas petition (Doc. 13). In his response (Doc. 14), Petitioner asserts he should be permitted to proceed because his instant Petition relies on newly discovered evidence. Petitioner does not dispute that he failed to obtain authorization from the Eleventh Circuit to file a successive petition.

To respect the finality of judgments, "a state prisoner . . . typically gets one, and only one, chance to collaterally attack his conviction in federal court." Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1324-25 (11th Cir. 2017). As such, the Antiterrorism and Effective Death Penalty Act (AEDPA) bars the filing of a second or successive habeas petition, absent approval from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The court of appeals may authorize the filing of a second or successive petition if the petitioner "makes a prima facie showing" of one of two narrow statutory exceptions:

> (A) . . . the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2), (b)(3)(C).

The Supreme Court refers to the stringent requirements of § 2244(b) as the "gatekeeping provisions" of AEDPA. Burton v. Stewart, 549 U.S. 147, 149 (2007). The gatekeeping provisions are jurisdictional. Id. at 152. Accordingly, a district court must dismiss a second or successive habeas petition filed without the appellate court's authorization. Id. (holding the district court did not have jurisdiction to entertain a second

or successive habeas petition because the petitioner did not first obtain the appellate court's authorization). See also Wells v. Sec'y, Dep't of Corr., --- F. App'x ---, No. 18-12957, 2019 WL 1868631, at *2 (11th Cir. Apr. 26, 2019) (affirming the district court's dismissal of a second habeas petition because the petitioner did not obtain the appellate court's authorization to proceed, as required under § 2244); Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that subject to narrow exceptions, "a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization").

Here, Petitioner did not obtain authorization from the Eleventh Circuit Court of Appeals to file a second or successive habeas petition for this Court's consideration. Indeed, Petitioner has not sought the Eleventh Circuit's approval. As such, this Court lacks jurisdiction to consider his Petition. See Burton, 549 U.S. at 152. Petitioner's assertion that his instant Petition relies upon newly discovered evidence does not cure the jurisdictional problem because AEDPA's gatekeeping provisions require the appellate court, not the district court, to determine whether a petitioner may proceed in the district court on a second or successive petition. See § 2244(b)(2); see also Burton, 549 U.S. at 153 ("A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)).

Accordingly, it is

**ORDERED**:

1. Respondents' Motion to Dismiss the Petition without prejudice (Doc. 13) is **GRANTED**.

2. This case is **DISMISSED without prejudice**.

3. The **Clerk** of the Court shall enter judgment dismissing this case without prejudice, terminate all pending motions, and close the case.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[1] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of May, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Louis Robenson
Counsel of Record

---

[1] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner fails to make the required showing.